UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-20905-BLOOM/Louis

LIDIA BORGES,

    Plaintiff,

v.

ANDREW M. SAUL,
*Commissioner of Social Security*,

    Defendant.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

**THIS CAUSE** is before the Court upon Plaintiff Lidia Borges's ("Plaintiff") Motion for Summary Judgment, ECF No. [18] ("Plaintiff's Motion"), and Defendant Andrew Saul, Commissioner of the Social Security Administration's ("Defendant") Motion for Summary Judgment, ECF No. [19] ("Defendant's Motion"). Plaintiff seeks judicial review of a final decision of the Commissioner of the Social Security Administration, which denied Plaintiff's application for disability insurance benefits under the Social Security Act, 42 U.S.C. §§ 401, *et seq*. *See* ECF No. [1].

This case was referred to the Honorable Lauren F. Louis, United States Magistrate Judge for a ruling on all pre-trial, non-dispositive matters and report and recommendations on any dispositive matters, pursuant to 28 U.S.C. § 636 and Local Magistrate Judge Rule 1. ECF No. [2]. On April 6, 2021, Judge Louis issued a Report and Recommendations recommending that Plaintiff's Motion be denied, and that Defendant's Motion be granted. ECF No. [21] ("R&R"); *see* 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy [of a report and recommendations], any party may serve and file written objections . . . as provided by rules of

court."). Plaintiff timely filed her objections to the R&R, ECF No. [22] ("Objections"), and Defendant filed a response, ECF No. [23].[1] The Court has reviewed both Motions, the record and the applicable law, has conducted a *de novo* review of Judge Louis's R&R in light of the Objections and supplemental authority, and is otherwise fully advised. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) ("Where a proper, specific objection to the magistrate judge's report is made, it is clear that the district court must conduct a *de novo* review of that issue.").

## I. BACKGROUND

The Court adopts Judge Louis's description of the procedural and administrative history and record below, R&R at 1-2, 4-11, and incorporates it by reference.

## II. LEGAL STANDARD

Plaintiff does not object to Judge Louis's recitation of the standard for judicial review of a final decision by the Commissioner of the Social Security Administration, which, in any event, is correct.[2] Judicial review of the ALJ's decision is limited to whether "'it is supported by substantial evidence and based on proper legal standards.'" *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)). "'Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" *Id.* (quoting *Lewis*, 125 F.3d at 1439); *accord Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (substantial evidence is "more than a mere scintilla, but less than a preponderance") (internal quotation and citation omitted). A court, however, "'may

---

[1] Plaintiff also filed a notice of supplemental authority, ECF No. [24].

[2] The December 4, 2018 ALJ determination became the Commissioner's "final decision" when the Appeals Council denied Plaintiff's request for review. *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986) ("[Plaintiff] exhausted his administrative remedies whereupon the ALJ's determination became the Secretary's final decision.").

not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [ALJ].'" *Winschel v. Comm'r*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotation marks and citations omitted); *accord Packer v. Comm'r, Soc. Sec. Admin.*, 542 F. App'x 890, 891 (11th Cir. 2013) ("[W]e may not reweigh the evidence or substitute our judgment for that of the ALJ.") (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995). Even if evidence preponderates against the ALJ's decision, a court must affirm "if the decision is supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citing 42 U.S.C. § 405(g)).

The R&R likewise properly states the legal and regulatory standards an ALJ must employ in determining eligibility for disability insurance benefits.

### III. DISCUSSION

#### i. *The ALJ's Decision*

Because Plaintiff's Objections focus on the weight given to Plaintiff's treating doctor's opinions, the Court focuses on the portions of the ALJ's decision discussing those opinions. In pertinent part, Plaintiff's treating physical medicine and rehabilitation specialist, Dr. Valbuena, "concluded that the claimant could perform sedentary work with manipulative and reaching limitations related to the right upper extremity. Dr. Valbuena state that she could perform medium activity without significant exacerbation of her impairment or symptoms. Dr. Valbuena said that the claimant needs to rest for 10 minutes per hour." ECF No. [16] at 35 (record citations omitted). The ALJ further noted that "Dr. Valbuena completed the assessment in July 2018, but last evaluated the claimant in August 2017." *Id*.

With respect to the weight given to Dr. Valbuena's opinion, the ALJ stated the following:

> Dr. Valbuena's opinion is accorded little weight because even though she briefly treated the claimant, she had not examined the claimant for almost a year prior to providing her assessment (Ex. 9F). In addition, Dr. Valbuena did not discuss the claimant's active resistance to examination and her non-compliance with treatment. Furthermore, the claimant's records note in October 2016 that she should limit activity for 5 days, but this limitation is given little weight because it is temporary and does not specify what activities the claimant should avoid (Ex. 7F/3). The claimant complains of pain in the right shoulder, but largely has no redness, weakness, or swelling on examination (Ex. 3F, 4F, 6F/2, 7F). Her diagnostic testing reveals minimal deficits and her subjective complaints seem to be inconsistent with the overall diagnostic and clinical findings (Ex. 2F, 3F, 4F, 5F, 7F, 8F). The claimant's treatment has been conservative with no mention of surgery recommended for treatment. She testified that she only takes pain medication once a week, which suggests that her pain is not as severe as she alleges.

*Id.*

    ii.    *Plaintiff's Motion*

In Plaintiff's Motion, she argues that the Court should reverse the Commissioner's conclusion that she is not disabled because the decision was not based on substantial evidence. Specifically, Plaintiff argues that (i) the ALJ's reasons for according "little weight" to the opinion of Dr. Valbuena, Plaintiff's treating physical medicine and rehabilitation specialist, are not supported by substantial evidence; (ii) the residual functional capacity finding is unsupported by a medical opinion or substantial evidence; (iii) the ALJ's reasons for discrediting Plaintiff's testimony are not supported by substantial evidence; and (iv) the ALJ's finding that Plaintiff can return to her past relevant work is not based on substantial evidence.

    iii.    *The R&R*

In pertinent part, the R&R concluded that the ALJ's reasons for affording Dr. Valbuena's opinion little weight were supported by the evidence. First, Plaintiff did not contest the finding that Dr. Valbuena had not personally examined Plaintiff for nearly a year before preparing her July 2018 assessment. There was also no indication that Dr. Valbuena reviewed or relied upon any recent records in making her assessment. As such, the ALJ found Dr. Valbuena's assessment to be

4

conclusory. Second, the R&R concluded that the substantial evidence supported the ALJ's determination that Dr. Valbuena's opinion was contradicted by the record. Third, the R&R reasoned that even if discounting of Dr. Valbuena's opinions was in error, it was harmless, because the opinions were not inconsistent with the ALJ's ultimate determination. Indeed, the R&R noted that Dr. Valbuena's July 2018 assessment concluded that "Plaintiff could perform sedentary work on a sustained basis" (R. 569), which is consistent with the ALJ's ultimate determination that Plaintiff could perform her past relevant work as a data entry clerk, telemarketer supervisor, or appointment clerk. Finally, the R&R concluded that the substantial evidence, including evidence of Plaintiff's non-compliance with physical therapy and resistance to manipulation during examination, supported the ALJ's finding that the record evidence did not substantiate the degree of severity claimed by Plaintiff. In addition, the R&R found no error in the ALJ's evaluation of Plaintiff's subjective complaints, concluding that the ALJ properly considered Plaintiff's medical condition as a whole.

   *iv.* *Plaintiff's Objections*

Plaintiff asserts four objections—the first three relate to the weight given to Dr. Valbuena's opinion, and the fourth relates to the reasoning for discounting Plaintiff's subjective complaints. Specifically, Plaintiff's objections are as follows:

Objection #1: Plaintiff objects to the Magistrate Judge's proposed holding that the ALJ provided sufficient reasons for giving only "little weight" to Dr. Valbuena's opinion because it was rendered eleven months after her last examination.

Objection #2: Plaintiff objects to the Magistrate Judge's proposed holding that the ALJ provided sufficient reasons for giving only "little weight" to Dr. Valbuena's opinion because it was not supported by the record.

Objection #3: Plaintiff objects to the Magistrate Judge's proposal that any error by the ALJ in rejecting Dr. Valbuena's opinion was harmless.

Objection #4: Plaintiff objects to the Magistrate Judge's endorsement of the ALJ's reasoning for discounting Ms. Borges's subjective complaints.

> a. *Objections regarding the weight given to Dr. Valbuena's opinion (Objections #1, #2, and #3)*

As previously noted, Plaintiff's first three objections relate to the weight given to Dr. Valbuena's opinion by the ALJ. At the outset, the Court notes that these objections suggest that the Court should view the ALJ's reasons for assigning that weight independent of one another. The Court disagrees, however, the objections lack merit when considered both individually or collectively.

In her decision, the ALJ first noted that Dr. Valbuena had not seen Plaintiff for nearly a year prior to providing her 2018 assessment in support of Plaintiff's claim. Moreover, as the R&R correctly notes, there is no indication that Dr. Valbuena reviewed or relied upon any recent records in making the assessment. The ALJ's decision to assign little weight was further based upon finding that Dr. Valbuena's opinion contradicted other record evidence and failed to take into account Plaintiff's active resistance to examination and her non-compliance with treatment. The R&R determined that the ALJ's conclusions were supported by substantial evidence, and that even if discounting Dr. Valbuena's opinions was error, such error was harmless because the opinions were not inconsistent with the ALJ's ultimate determination.

Although opinions from treating sources are generally accorded great weight, the ALJ can, if good cause exists, give less weight to such an opinion. *Crawford,* 363 F.3d at 1159; *see also* 20 C.F.R. § 404.1527(c)(2). "Good cause" to discount a treating physician's opinion is established "when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence

6

supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.'" *Winschel*, 631 F.3d at 1179 (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004)); *see also Sryock v. Hecker*, 764 F.2d 834, 835 (11th Cir. 1985) ("The law is clear that . . . the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion."). Nonetheless, the ALJ must clearly articulate her reasons for giving less weight to a treating physician's opinion, and the failure to do so is reversible error. *Lewis*, 125 F.3d at 1440.

In Objection #1, Plaintiff objects to the R&R's finding that the ALJ provided sufficient reasons for giving only "little weight" to Dr. Valbuena's opinion, rendered eleven months after her last examination. Plaintiff argues first that a treating physician's opinion provided months after the physician personally examined a claimant does not negate the physician's knowledge based on prior examinations. Plaintiff cites to *Schink v. Commissioner of Social Security*, 935 F.3d 1245, 1260 (11th Cir. 2019) and *Boyd v. Heckler*, 704 F.2d 1207, 1211 (11th Cir. 1983) for support. However, neither case supports the proposition advanced by Plaintiff – principally because, contrary to Plaintiff's characterization, the ALJ did not assign Dr. Valbuena's opinion less weight simply because she made her assessment almost a year after her last treatment of Plaintiff.

In *Schink*, the ALJ accorded minimal weight to two treating doctors' opinions and instead accorded significant weight to the opinions of a non-examining physician and a doctor who had only seen the claimant once. The ALJ concluded that the treating doctors' opinions were not well-supported by medically acceptable clinical and laboratory diagnostic techniques and were inconsistent with other evidence in the record, the doctors provided only sporadic treatment, their completed questionnaires used vague language, and their notes reflected only mild limitations. 935 F.3d at 1256. The Eleventh Circuit concluded that the reasons given by the ALJ for discounting

7

the two treating physicians' opinions were insufficient in part because the characterization of the treating physicians' treatment as sporadic was incorrect and applied inconsistently, the ALJ improperly rejected their opinions based on the format of the questionnaires they completed, and the ALJ failed to clearly articulate what evidence led him to the conclusion that the treating doctors' opinions were inconsistent with other substantial evidence in the record. *Id*. at 1260-62.

Regarding the frequency of treatment, the court noted that "both [treating] doctors administered significant treatment to [the claimant] multiple times over the course of months before completing the questionnaires that contained their ultimate opinions[.]" *Id*. at 1260. One of the physicians saw the claimant at least three times over the course of five months before providing his opinion, and the other saw the claimant at least eight times before assessing the plaintiff's mental impairments. *Id*. By contrast, one of the consultative physicians only saw the claimant once, and the other physician never saw the claimant. *Id*. at 1261. Under the circumstances, the Eleventh Circuit concluded that the ALJ's sporadic treatment rationale could not be considered good cause. *Id*.

Here, Plaintiff does not contest that Dr. Valbuena did not see or treat Plaintiff at all in the eleven months before providing her 2018 assessment, nor does she contest that there is no indication that Dr. Valbuena consulted any recent records in formulating her opinion. In addition, unlike in *Schink*, the ALJ did not assign Dr. Valbuena's opinion little weight because her treatment was "sporadic." Rather, the ALJ noted that Dr. Valbuena had not treated Plaintiff in the eleven months prior to providing an assessment.

Moreover, the record indicates that Dr. Valbuena provided only limited treatment of Plaintiff. "The ALJ generally grants more weight to a medical opinion the longer a medical provided has treated a claimant and the more knowledge that the provider has about a claimant's

8

impairment." *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 860 (11th Cir. 2019) (citing 20 C.F.R. § 404.1527(c)(2)(i), (ii)). Indeed, in her 2018 assessment, Dr. Valbuena details that her department treated the Plaintiff a total of seven times since the time of the alleged onset of disability in September, 2015, and provides no information regarding how many times of the seven she personally saw Plaintiff. ECF No. [16] at 572.

Plaintiff further relies on *Boyd* and argues that the Eleventh Circuit specifically permits consideration of a doctor's retrospective opinions, which are similar to Dr. Valbuena's opinion. In *Boyd*, the court found that a doctor who does not treat a claimant during the time of her claimed disability does not alone render the doctor's opinion incompetent or irrelevant. 704 F.2d at 1211. However, *Boyd* is also distinguishable from the facts presented here. In *Boyd*, the claimant sustained an injury to her arm that necessitated insertion of an elbow prosthesis. *Id.* at 1210. Initially, her treatment appeared to be successful, but after a few years during which the claimant did not seek further treatment and her insured status ended, a new treating physician determined that her operation and treatment had failed. *Id.* The new physician removed the prosthesis and concluded that the claimant's disability dated back to the time of her initial injury. *Id.* Nevertheless, the ALJ rendered an unfavorable decision. Under the circumstances, the Eleventh Circuit determined that the ALJ applied an incorrect legal standard in giving little, if any, weight to the claimant's own uncorroborated subjective testimony of pain during the years in which she sought no treatment and directed that the new treating physician's medical opinion be considered upon remand. The Eleventh Circuit thus adopted the position that "a treating physician's opinion is still entitled to significant weight notwithstanding that he did not treat the claimant until after the relevant determination date." *Id.* at 1210-11.

The issues and the time gap are different in this case. First, Plaintiff is not relying on *Boyd*

for the proposition that the ALJ failed to give her subjective complaints sufficient weight, but rather that the ALJ erred in assigning little weight to Dr. Valbuena's opinion. While *Boyd* recognized that a retrospective medical opinion is not automatically due lesser weight, the ALJ in *Boyd* did not consider the new treating doctor's opinion at all. *Id*. Second, and most significantly, the time gap in this case is not related to a period of Plaintiff's successful treatment or a retrospective determination that her previous treatment had failed; rather, Dr. Valbuena's own assessment reflects that she did not treat Plaintiff for nearly a year before rendering her opinion in this case, and gives no indication that she had consulted any of Plaintiff's more recent medical records before providing that opinion. "The ALJ assigns more weight to a provider's opinion based on the amount of 'relevant evidence' provided to support it, as well as the strength of her explanation." *Ross*, 794 F. App'x at 860-61 (citing 20 C.FR. § 404.1527(c)(3). Dr. Valbuena's 2018 assessment provides no explanation or evidence to support her conclusions.

Plaintiff further indicates that the R&R cites no authority to establish than an ALJ may reject the opinion of a treating physician because it was rendered a considerable amount of time after the physician's last examination. Yet, Plaintiff has provided no authority to establish that an ALJ's assigning little weight to a medical opinion based on factors similar to those in this case constitutes reversible error. The case Plaintiff cites in support, *Esparza v. Berryhill*, is inapposite. In *Esparza*, the claimant argued, and the court ultimately agreed, that the ALJ failed to properly consider the applicable factors contained in 20 C.F.R. § 404.1527(c). No. 3:17-CV-154-L-BK, 2017 WL 6513634, at *6 (N.D. Tex. Nov. 27, 2017). However, Plaintiff has not made that argument here. As such, Plaintiff's first objection is due to be overruled.

In Objection #2, Plaintiff also objects to the R&R's finding that the ALJ provided sufficient reasons for the weight given to Dr. Valbuena's opinion and argues that it is not supported by the

record. Plaintiff's Objection #2 is based upon distinguishing this case from the case relied upon by the R&R, *Womble v. Commissioner of Social Security*, 705 F. App'x 923, 926-28 (11th Cir. 2017). In *Womble*, the court determined that the ALJ did not err in discrediting the claimant's treating physicians' opinions because the opinions were not supported by the doctors' own treatment notes or the objective medical evidence, and appeared to have been based primarily on the claimant's subjective complaints. 705 F. App'x at 927. In addition, Plaintiff has provided the Court with the recent case of *Simon v. Commissioner, Social Security Administration*, --- F.4th ----, 2021 WL 2345638, at *10 (11th Cir. June 9, 2021), in which the court indicates that before rejecting a treating physician's opinions as inconsistent with other medical findings, the ALJ must identify a genuine inconsistency.

Here, the R&R concludes that the ALJ's determination is supported by the substantial evidence because there are testing records and medical notes that contradict the more severe limitations opined in Dr. Valbuena's July 2018 assessment. Indeed, as noted by the ALJ's decision, Plaintiff's medical records reflect generally unremarkable findings and conservative treatment. For example, the imaging records indicate that Plaintiff's joints are normal, *see, e.g.* ECF No. [16] at 341, 365, 393, 397, 442, and treatment includes painkillers, cortisone injection and home exercises, *see id*. at 391, 430, 435. The records also note her non-compliance with treatment, good or excellent rehabilitation potential, and decrease in pain when she participated in physical therapy exercises. *See id.* at 406, 418, 420. In her objection, Plaintiff points to the existence of Jackson Memorial Hospital records, suggesting that such records support Dr. Valbuena's conclusions. Specifically, the Jackson records Plaintiff points to document two tests indicating osteoarthritic changes of the right shoulder and tendinopathy of the supraspinatus tendon in 2016, and carpal tunnel in 2018. As such, Plaintiff contends that the Court should reject the R&R's conclusion that

the ALJ's determination is supported by the substantial evidence. Plaintiff's contention fails for two reasons.

First, Plaintiff selectively picks only two pieces of evidence that she believes support her claims. The ALJ, however, noted that despite the 2018 study's finding of carpal tunnel, Plaintiff had not complained of carpal tunnel syndrome, and carpal tunnel syndrome was not one of the impairments found by the ALJ. *See* ECF No. [16] at 33. Plaintiff has not argued that this finding was erroneous. Thus, the 2018 test showing carpal tunnel does not in fact support Plaintiff's claimed disability. In addition, Plaintiff does not otherwise explain how the two tests indicating osteoarthritic changes of the right shoulder and tendinopathy of the supraspinatus tendon support Dr. Valbuena's conclusions. A review of the record demonstrates that the medical evidence relied upon by the ALJ and cited in her decision does not support the limitations set forth in Dr. Valbuena's assessment. *See id.* at 35-37.

Second, the Court may not reweigh the evidence or substitute its judgment for the judgment of the ALJ. *Packer*, 542 F. App'x at 891 (citing *Dyer*, 395 F.3d at 1210). So long as the ALJ gives clear reasons for assigning lesser weight to a treating physician's opinion, the Court should not reassess the weight given by the ALJ. *Hunter v. Soc. Sec. Admin. Comm'r*, 808 F.3d 818, 823 (11th Cir. 2015) (concluding that ALJ's rationale for assigning less weight to treating physician's opinion, based on his finding that the opinion was inconsistent with medical records and other evidence, was adequate). As in *Hunter*, the ALJ's reasons for assigning Dr. Valbuena's opinion little weight in this case are adequate, and the Court will not second guess the ALJ. *See id.* ("We will not second guess the ALJ about the weight the treating physician's opinion deserves so long as he articulates a specific justification for it.").

Nor does *Simon*, the supplemental authority provided by Plaintiff, compel a different

outcome. In *Simon*, the claimant asserted that he was disabled due to his deteriorating mental health. 2021 WL 2345638, at *1. The ALJ gave little or no weight to the claimant's treating psychiatrist on the conclusory basis that his opinions were "inconsistent with the longitudinal history." *Id*. at *5. In finding that the ALJ's reasons for discounting the psychiatrist's opinions were not sufficient, the Eleventh Circuit noted that the treating doctor's notes were extensive and spanned more than thirty meetings with the claimant across four years. *Id*. at 8. In this case, the ALJ noted that Dr. Valbuena only "briefly treated the claimant," ECF No. [16] at 35, and Dr. Valbuena's assessment itself acknowledges that Plaintiff was seen seven times over the course of three years, yet does not specify how many of those times Dr. Valbuena herself saw Plaintiff. Moreover, the Eleventh Circuit in *Simon* characterized the ALJ's discounting of the treating physician's opinion as a "complete failure to engage with significant portions of Dr. Turner's clinical findings, which verge[d] on a blatant mischaracterization of Simon's medical records . . . ." *Id*. at *9. Plaintiff makes no such contention in this case and has not identified any portions of the medical records which the ALJ did not consider. Plaintiff simply disagrees with the ALJ's reasons for assigning Dr. Valbuena's opinion little weight. As such, Plaintiff's second objection is due to be overruled.

In Objection #3, Plaintiff objects to the R&R's conclusion that any error in the weight assigned to Dr. Valbuena's opinion by the ALJ is harmless. However, because the Court rejects Plaintiff's first two objections to the R&R's conclusions regarding Dr. Valbuena's opinion, Plaintiff's third objection necessarily fails. In addition, Plaintiff's third objection is a mere disagreement with the R&R and is therefore not a proper objection. Accordingly, Plaintiff's third objection is overruled.

> b. *Objection to the reasoning for discounting Plaintiff's subjective complaints (Objection #4)*

The ALJ found that the record evidence does not support the degree of severity claimed by Plaintiff. The R&R concluded that this finding is supported by substantial evidence, and that the ALJ properly considered Plaintiff's medical condition in determining that the intensity, persistence, and limiting effects of Plaintiff's symptoms are not entirely consistent with the medical evidence and other record evidence.

Plaintiff objects to this portion of the R&R, contending that the endorsement of the ALJ's reasoning for discounting Plaintiff's subjective complaints should be rejected for four reasons—because the ALJ (1) engaged in selective record citation in finding a lack of support by objective evidence; (2) incorrectly suggested that Plaintiff was required to show that she was precluded from performing all work-related activities and unable to perform basic work activities; (3) erroneously characterized her treatment history as consistent with an ability to work; and (4) incorrectly concluded that evidence about her limited daily activities failed to weigh in her favor because of a lack of objective evidence that the claimant requires around the clock assistance for daily living.

Plaintiff's objection, however, is the same argument previously made in her Motion. *See* ECF No. [18] at 19-23. "It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R." *Marlite, Inc. v. Eckenrod*, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan,* 806 F. Supp. 380, 382 (W.D.N.Y.1992)). In the R&R, Judge Louis considered at length Plaintiff's arguments in finding that they lack merit. As such, Plaintiff's final objection is overruled.

Case No. 20-cv-20905-BLOOM/Louis

## IV. CONCLUSION

Upon careful review, the Court finds Magistrate Judge Louis's R&R to be well reasoned and correct, and agrees with the analysis in the R&R. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Objections, **ECF No. [22]**, are **OVERRULED**, and the R&R, **ECF No. [21]**, is **ADOPTED**;

2. Plaintiff's Motion for Summary Judgment, **ECF No. [18]**, is **DENIED**;

3. Defendant's Motion for Summary Judgment, **ECF No. [19]**, is **GRANTED**;

4. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 19, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record

The Honorable Lauren F. Louis